UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW SINATRO, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MRS. GOOCH'S NATURAL FOOD MARKETS, INC., et al.,<br><br>Defendants. | Case No. 22-cv-03603-TLT<br><br>**ORDER GRANTING LEAVE TO FILE MOTION FOR RECONSIDERATION; GRANTING MOTION FOR RECONSIDERATION**<br><br>Re: ECF No. 60 |

Pending before the Court is Plaintiffs Matthew Sinatro, Phillip White, and Jessica Prost's motion for leave to file a motion for reconsideration. ECF No. 60. Specifically, Plaintiffs seek modification of the Court's order on February 16, 2023, dismissing Plaintiffs' claims with leave to amend. ECF No. 58 ("February 16 Order"). In that order, the Court ruled on both jurisdictional and plausibility grounds. As Plaintiffs state that they will not amend their complaint, the Court **GRANTS** Plaintiff's motion for leave to file motion for reconsideration and **MODIFIES** its February 16 Order such that Plaintiffs' claims are dismissed only for lack of subject matter jurisdiction.

I.   **BACKGROUND**

Plaintiffs bring this class action under California state and common law regarding non-functional slack fill in packaged macaroni and cheese products allegedly manufactured and sold by Defendants. The Court refers to the background section in the Court's prior order. *See* February 16 Order at 1:18–2:24.

Defendants filed a motion to dismiss Plaintiffs' first amended complaint. ECF No. 39. The Court granted in part and denied in part Defendants' motion. ECF No. 58. First, the Court found that it had no personal jurisdiction over Defendants Whole Foods Market Group, Inc.

1   ("WFM Group") and Whole Foods Market, Inc. ("WFMI"). *See id.* at 3:4–9:23. Then, the Court

2   found that it had no subject matter jurisdiction over WFMI due to lack of standing, such that

3   Plaintiffs had no standing to bring nationwide claims. *See id.* at 11:3–12:27. The Court next

4   found that it lacked subject matter jurisdiction over claims on behalf of the remaining California

5   subclass due to a lack of minimal diversity. *See id.* at 13:1–13:17. Subsequently, the Court

6   addressed other arguments, including the plausibility of Plaintiffs' claims. *See id.* at 13:18–25:20.

7   Lastly, the Court found that it did not have subject matter jurisdiction over Plaintiff's remaining

8   individual claims due to lack of diversity among the remaining parties. *See id.* at 26:11–13.

9   The Court granted Plaintiffs leave to amend their complaint and noted that "[f]ailure to file

10  an amended complaint will waive Plaintiffs' right to do so and the first amended complaint will be

11  dismissed with prejudice." *Id.* at 26:14–16. In response, Plaintiffs filed a notice of their intent not

12  to amend. *See* ECF No. 61. Subsequently, Plaintiffs filed the instant motion for leave to file a

13  motion for reconsideration. ECF No. 60.

14  **II.   LEGAL STANDARD**

15  "[A]ny order or other decision, however designated, that adjudicates fewer than all the

16  claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time

17  before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."

18  Fed. R. Civ. P. 54(b). "As long as a district court has jurisdiction over the case, then it possesses

19  the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause

20  seen by it to be sufficient." *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254

21  F.3d 882, 885 (9th Cir. 2001) (citation omitted).

22  Motions for reconsideration are appropriate only under three circumstances:

23  > (1) "a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought;" (2) "the emergence of new material facts or a change of law occurring after the time of such order;" or (3) "a manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order."

27  Civ. L.R. 7-9(b)(1)–(3). Moreover, Local Rule 7-9 prohibits against motions for reconsideration

28  that "repeat any oral or written argument made by the applying party in support of or in opposition

2

to the interlocutory order which the party now seeks to have reconsidered." Civ. L.R. 7-9(c).

## III. DISCUSSION

Plaintiffs argue that the Court should grant Plaintiffs leave to file a motion for reconsideration because "'a material difference in fact or law exists from that which was presented to the Court,' and 'in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order.'" Mot. at 1:24–26 (quoting Civ. L.R. 7-9(b)(1)). Specifically, Plaintiffs contend that at the time of the motion to dismiss, "Plaintiffs could not know the Court would evaluate the claims under Rule 12(b)(6) despite determining there was no subject matter jurisdiction." Mot. at 2:1–2.

The Court is not persuaded that the February 16 Order itself constitutes "a material difference in fact or law." Broadly stated, Plaintiffs' argument devolves into essentially disagreeing with the Court's ruling. *See Cachil Dehe Band of Wintun Indians of Colusa Indian Cmty. v. California*, 649 F. Supp. 2d 1063, 1070 (E.D. Cal. 2009) ("Ultimately, a party seeking reconsideration must show 'more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.'").

Plaintiffs argue that it was improper for the Court to evaluate Plaintiffs' claims for failure to state a claim after finding that the Court lacked subject matter jurisdiction over the claims. However, as Plaintiffs' citation makes clear, the Court may alternatively dismiss Plaintiffs' claims for failure to state a claim while finding lack of personal jurisdiction. *See Wages v. I.R.S.*, 915 F.2d 1230, 1234 (9th Cir. 1990) ("[A] judge who concludes that subject matter jurisdiction is lacking has no power to rule alternatively on the merits of a case . . . We have not treated defects in personal jurisdiction similarly.").

Here, the Court first found that it lacked personal jurisdiction over WFM Group and WFMI. February 16 Order at 3:4–9:23. Then, the Court found that Plaintiffs could not bring nationwide claims. *See id.* at 11:26–12:1 ("Without WFMI, only Defendants Mrs. Gooch's and WFM CA remain. Because these defendants operate Whole Foods Market stores only in California, the Court is unable to find, and Plaintiffs do not allege, causation between the

3

economic injuries of class members outside of California with Mrs. Gooch's and WFM CA."). While the Court also dismissed Plaintiffs' nationwide claims for lack of standing to bring California common law claims on behalf of class members that reside outside of California, that did not address Plaintiffs' statutory claims. Thus, this finding relied on the lack of personal jurisdiction of WFM Group and WFMI. As such, the Court properly evaluated Plaintiffs' claims for failure to state a claim. Moreover, as the Court granted Plaintiffs leave to amend, it assumed that Plaintiffs would do so to address the defects discussed in the February 16 Order.

Regardless, a new material fact has emerged. Plaintiffs have chosen not to amend their complaint. Given this, all of Plaintiffs' claims remain dismissed pursuant to the February 16 Order. As Plaintiffs indicated, the Court does not have jurisdiction to address the merits of the case if there is a lack of subject matter jurisdiction. Accordingly, Plaintiffs' motion for leave to file a motion for reconsideration of the February 16 Order is **GRANTED**. Plaintiff need not separately file the motion for consideration as it is attached to Plaintiffs' instant motion.

Furthermore, as the February 16 Order dismissed WFMI and WFM Group for lack of personal jurisdiction and Plaintiffs' claims for both lack of subject matter jurisdiction and failure to state a claim, the Court finds it appropriate to **MODIFY** the prior order to indicate that WFMI and WFM Group are dismissed for lack of personal jurisdiction and Plaintiffs' claims are dismissed for lack of subject matter jurisdiction only due to Plaintiffs' intention not to amend.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiffs' motion for leave to file a motion for reconsideration is **GRANTED**. The February 16 Order is **MODIFIED** as discussed above. As Plaintiffs do not intend to amend their pleadings, this case is at a practicable end.

This Order terminates ECF No. 60. The Clerk is directed to close the case.

**IT IS SO ORDERED.**

Dated: July 18, 2023

TRINA L. THOMPSON
United States District Judge